E-FILED
Wednesday, 28 July, 2021  12:48:45 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| TALITHA L. HARRIS, | COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:21-cv-02196 |
| R1 MEDICAL FINANCIAL SOLUTIONS a/k/a R1 RCM, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## <u>COMPLAINT</u>

NOW comes TALITHA L. HARRIS ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of R1 MEDICAL FINANCIAL SOLUTIONS a/k/a R1 RCM, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

### PARTIES

1

4.   Plaintiff is a consumer over 18 years of age residing in Kankakee County, Illinois which lies within the Central District of Illinois.

5.   Defendant is a third party debt collection agency that provides "end-to-end physician revenue cycle management solutions for hospital-owned and independent physician groups[.]"[1] Defendant is headquartered at 401 N. N. Michigan Avenue, Suite 630-640, Chicago, IL 60611. Defendant regularly collects from consumers in the State of Illinois.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempts to collect upon medical bills totaling $1,026.30 ("subject debt") that Plaintiff allegedly owed.

8.   Plaintiff purportedly incurred the subject debt for family medical services at Amita Health in Kankakee, Illinois.

9.   Upon information and belief, following Plaintiff's purported default the subject debt was turned over to Defendant for collections.

10.   Around May 2021, Defendant began calling Plaintiff at her cellular number (815) XXX-7427 to collect on the subject debt.

11.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7427.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.r1rcm.com/physician-revenue-cycle-management

12.   Defendant has primarily used the phone number (833) 272-7582 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

13.   Upon information and belief, Defendant regularly utilized the above referenced number ending in -7582 for its debt collection activity.

14.   Soon after Defendant began calling her, Plaintiff demanded that Defendant cease contacting her as Defendant's calling had become harassing to her.

15.   Despite Plaintiff's express demand, Defendant continued placing collection calls to Plaintiff's cellular phone for several months thereafter.

16.   Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in exhausting time and resources.

17.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unconsented-to collection telephone calls, emotional distress stemming from the worry that Defendant would not cease calling irrespective of her demand.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.   Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21.   Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22.   Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23.   The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA §1692c(a)(1) and §1692d

24. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt - - (1) at any unusual time . . . or a time . . . which should be known to be inconvenient to the consumer . . . ." Moreover, the FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant repeatedly called Plaintiff after she demanded that Defendant cease calling her.  This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into submission.

26. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### b.  Violations of FDCPA § 1692e

27. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

29. Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed multiple phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

### c.  Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated § 1692f when it unfairly and unconscionably continued to contact Plaintiff in defiance of her express demand that it cease contacting her.

32. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff TALITHA L. HARRIS respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 28, 2021

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Central District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com